United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C.H., by and through L.H., his Guardian Ad Litem,<br><br>   Plaintiff,<br><br>   v.<br><br>FREMONT UNIFIED SCHOOL DISTRICT, and ALAMEDA COUNTY BEHAVIOR HEALTH CARE SERVICES,<br><br>   Defendants.<br>_____<br><br>FREMONT UNIFIED SCHOOL DISTRICT,<br><br>   Counterclaimant,<br><br>   v.<br><br>C.H., by and through L.H., his Guardian Ad Litem,<br><br>   Counterdefendant.<br>_____ | Case No. 08-2531 SC<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE IMPROPER <u>PRAYER FOR RELIEF</u> |

## I. <u>INTRODUCTION</u>

This matter comes before the Court on the Motion to Strike Improper Prayer for Relief ("Motion to Strike") filed by the plaintiff/counterdefendant C.H. ("Plaintiff"), by and through

1  L.H., his guardian ad litem.  Docket No. 13.  The defendants
2  Fremont Unified School District (the "District") and Alameda
3  County Behavior Health Care Services ("Health Care Services,"
4  collectively with the District "Defendants"), submitted an
5  Opposition and Plaintiff filed a Reply.  Docket Nos. 14, 18.  For
6  the following reasons, the Court GRANTS Plaintiff's Motion to
7  Strike.

**II.  BACKGROUND**

Plaintiff is a 10-year old child with Bipolar Disorder.
Compl. ¶ 2.  The underlying dispute is over the proper educational
placement for Plaintiff and Plaintiff's rights under the
Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §
1400 et seq.  In response to continued disagreement between
Plaintiff's parents and the District regarding C.H.'s educational
needs, Plaintiff's parents, in September 2007, filed a request for
a due process hearing with the California Office of Administrative
Hearings on C.H.'s behalf.  In February 2008, after a two-week
hearing, the Administrative Law Judge ("ALJ") issued a decision in
which he found for Plaintiff on some issues and for Defendants on
other issues.  In May, Plaintiff filed the present action,
challenging aspects of the ALJ's decision.  Defendants filed a
Counterclaim, also challenging portions of the ALJ's decision.

**III. MOTION TO STRIKE**

Plaintiff moves to strike Defendants' prayer for attorneys'
fees, expenses and costs.  Federal Rule of Civil Procedure 12(f)

2

grants courts the "authority to strike a prayer for relief seeking damages that are not recoverable as a matter of law." Arcilla v. Adidas Promotional Retail Operations, Inc., 488 F. Supp. 2d 965, 968 (C.D. Cal. 2007).

The IDEA permits a school district to recover attorneys' fees only if the student's claim is "frivolous, unreasonable, or without foundation" or if the claim "was presented for any improper purpose, such as to harass, to cause unnecessary delay, or to needlessly increase the cost of litigation." 20 U.S.C. § 1415(i)(3)(B)(i)(II)-(III). Defendants' Counterclaim lacks any factual allegations that would support either basis for recovery of attorneys' fees under § 1415. Accordingly, Plaintiff's Motion to Strike is GRANTED and Defendants' prayer for attorneys' fees is STRICKEN.

## IV. EX PARTE APPLICATIONS

Plaintiff has filed ex parte applications to expedite discovery, shorten time to file motion to stay put ("Stay Put Motion"), shorten time to file partial motion for summary judgment, and expedite case management conference. Docket No. 19. Defendants submitted an Opposition to the ex parte applications. Docket No. 32. The parties are hereby ORDERED to appear on Tuesday, August 19, 2008, at 4:30 p.m., in Courtroom #1 on the 17th floor to discuss the ex parte applications.

///
///
///

**V.    CONCLUSION**

For the reasons stated above, Plaintiff's Motion to Strike is GRANTED and the parties are ORDERED to appear on Tuesday, August 19, 2008, at 4:30 p.m., in Courtroom #1 on the 17th floor to discuss the ex parte applications.


IT IS SO ORDERED.


Dated: August 15, 2008

_____
UNITED STATES DISTRICT JUDGE